**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

```
                                    FILED

                                 FEB - 1 2013

                         CLERK, U.S. DISTRICT COURT
                              NORFOLK, VA
```

| | |
|---|---|
| **THE RADIANCE FOUNDATION, INC.** and **RYAN BOMBERGER**, individually | ) )<br>) |
| Plaintiffs, | ) ) |
| v. | )  Civil Action No. 2:13cv53<br>) |
| **NATIONAL ASSOCIATION**<br>**FOR THE ADVANCEMENT**<br>**OF COLORED PEOPLE** | ) ) ) |
| Serve: | ) ) |
| CSC – Lawyers Incorporating<br> Service Company<br>7 St. Paul Street, Suite 1660<br>Baltimore, MD 21202 | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY RELIEF

Introduction and Jurisdiction

1.      This is an action brought under 28 U.S.C. § 2201 in which Ryan Bomberger, a

writer and media creator, and The Radiance Foundation, Inc., ("Radiance") a non-profit

corporation that is organized, among other things, to present "historical, cultural and statistical

information with a Christian worldview on particular issues" ask this Court to declare that their

use of certain marks, which the Defendant National Association for the Advancement of Colored

People ("NAACP") alleges it owns, does not infringe any rights of the NAACP, does not tarnish

or dilute any mark owned by the NAACP, does not constitute unfair competition or palming off

of the NAACP's marks and, further, is protected speech under the First Amendment to the U.S.

Constitution.

2.      The Court has jurisdiction of this matter under 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1337 and 1338.  To the extent that the NAACP's claims of right arise under state law, there is diversity of the parties and the amount in controversy exceeds $75,000, and accordingly, this Court has jurisdiction under 28 U.S.C. § 1332.  Finally, and in the alternative, the Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3.      Venue is proper in this district under the provisions of 28 U.S.C. § 1391.

Parties

4.      Plaintiff The Radiance Foundation, Inc. ("Radiance") is a non-profit corporation organized under the laws of the State of Georgia with its principal place of business in Virginia Beach, Virginia.

5.      Plaintiff Ryan Bomberger is a writer and media creator who is domiciled in the Commonwealth of Virginia.

6.      Defendant National Association for the Advancement of Colored People (the "NAACP") is a non-profit membership corporation chartered under the laws of the State of New York with its principal place of business in Baltimore, Maryland.

7.      On information and belief, the NAACP conducts substantial activities in the Commonwealth of Virginia, it has a substantial number of members in chapters throughout the Commonwealth of Virginia, and it derives substantial revenue from its members and activities in the Commonwealth of Virginia.

Facts

8.      Ryan Bomberger, an Emmy® Award winning creative professional and his wife, Bethany Bomberger formed Radiance in 2009 in order to educate people about pressing social

2

issues and how these impact the understanding of a God-given Purpose for life and to motivate people to positively influence families, schools and communities.

9.     Radiance seeks to educate and inform people through a variety of methods and media. It presents speakers, seminars and conferences on social issues and it researches, prepares, and distributes news articles and high quality media regarding social issues. The social issues on which Radiance has prepared and presented material include race relations, diversity, adoption, fatherlessness, pop culture and pluralism, as well as abortion and its disproportionate impact on African American families.

10.     Radiance owns and operates a web site at the URL www.theradiancefoundation.org. The website provides information about the entity and also presents a variety of news articles, as well as high quality videos, about various social issues addressed by Radiance.

11.     In 2010, Radiance launched its TooManyAborted.com campaign. Radiance establish a web site at the URL www.toomanyaborted.com and at that site presented information, news articles and videos educating the public about abortion and its disproportionate impact on African Americans. It also provided information on adoption, foster care and other related issues.

12.     In June 2011, in conjunction with its TooManyAborted.com campaign, Radiance designed and facilitated the erection of 50 billboards in Georgia declaring that "The 13th Amendment Freed Us. Abortion Enslaves Us."

13.     In response to the June 2011 billboard project, the NAACP's Director of its Washington Bureau and its Senior Vice President for Advocacy and Policy, Hilary Shelton, was

quoted in a news article by the Huffington Post criticizing the TooManyAborted.com billboard
effort. He stated:

> Comparing abortion to slavery certainly raises major concerns. Women are not
> forced to have abortions the way they were in servitude. Slavery was not about
> having the right to make any decisions. Women were actually bred to produce
> children for the purposes of profit. This is so far removed from that, that if it weren't
> such a serious issue, it would almost be laughable.

14. Shortly after the Huffington Post article about the billboard was published, Ryan
Bomberger wrote a news article responding to the story and the NAACP's criticism of the
TooManyAborted.com initiative. The article carried the headline, "NAACP: National
Association for the Abortion of Colored People" and on June 21, 2011, was posted on the
TooManyAborted.com web site (www.toomanyaborted.com/?p=3845). A copy of the post is
attached here as Exhibit 1. The article uses "NAACP" throughout to refer to the defendant
NAACP.

15. In the text of the June 21, 2011 article, Bomberger wrote, "The NAACP, whose
moniker would better be described as the National Association for the Abortion of Colored
People, publicly proclaimed their support of abortion when they endorsed the 2004 "March for
Women's Lives" held by Planned Parenthood and NARAL." The headline and the reference to
the "National Association for the Abortion of Colored People clearly, unambiguously and
cleverly comments upon and criticizes the defendant and its policies and positions on abortion in
light of its disproportionate impact on African American families.

16. In July 2011, Ryan Bomberger wrote an article criticizing the NAACP for
ignoring the abortion epidemic in black communities. On July 6, 2011, the article, which
includes the headline, "Still Not Free At Last: NAACP Ignores Abortion Epidemic", was posted

on the LifeNews.com web site (www.lifenews.com/2011/07/06/still-not-free-at-last-when-naacp-opposes-opposing-abortion). A copy of the post is attached here as Exhibit 2

17.    LifeNews.com is an "independent news agency devoted to reporting news that affects the pro-life community."

18.    Throughout the news article, "NAACP" is used to refer to the defendant. For example, the article refers to "Hilary Shelton, the NAACP's Senior Vice President for Advocacy (apparently of abortion)" and notes that, "In 2004, the NAACP publicly supported the Planned Parenthood/NARAL pro-abortion 'March for Women's Lives' event in DC ridding any questions about its stance on the issue."

19.    The article also includes: "The profoundly liberal organization's unwillingness to even discuss the epidemic level of abortion in the black community begs a more fitting moniker: National Association for the Abortion of Colored People. They're more concerned about how glaucoma might lead people to blindness than the deliberate blindness toward one of today's most pressing civil rights issue." The use of "National Association for the Abortion of Colored People" clearly and unambiguously comments upon and criticizes the defendant and its policies.

20.    A graphical depiction of the seal of the NAACP appears in the posted article adjacent to the text. The seal plainly identifies the defendant.

21.    On December 9, 2012, Ryan Bomberger addressed the National Press Club in Washington DC. His speech criticized the Roe v. Wade decision, made reference to "The Negro Project", Planned Parenthood's 1939 initiative to convince blacks to utilize birth control to reduce poverty rates, and characterized Planned Parenthood's present policies as "The Negro Project 2.0." Further, he criticized the NAACP and the Congressional Black Caucus for failing to oppose abortion.

5

22.     On January 10, 2013, the text of the speech delivered by Ryan Bomberger was

posted on the TooManyAborted.com web site (www.toomanyaborted.com/?p=4570). A copy of

the post is attached here as Exhibit 3. The text includes "NAACP" as a reference to the

defendant and states, "Groups such as the NAACP (which has become The National Association

for the Abortion of Colored People) and the Congressional Black Caucus aid and abet this mass

destruction of beautiful potential in the black community." The use of "The National Association

for the Abortion of Colored People" clearly and unambiguously comments upon the defendant

and its policies.

23.     Later in January 2013, Ryan Bomberger wrote an article criticizing the NAACP's

nominees for its Annual Image Awards as well as the organization's failure to denounce abortion

and its willingness to affiliate with organizations supporting abortion, including especially

Planned Parenthood.

24.     On January 16, 2013, the article was posted on Radiance's web site

(www.theradiancefoundation.org/naacp-national-association-for-the-abortion-of-colored-people)

with the headline "NAACP: National Association for the Abortion of Colored People". A copy

of the post is attached here as Exhibit 4. The headline appeared both in text and graphically.

The graphic included the text, "NAACP: National Association for the Abortion of Colored

People" adjacent to the image of a TooManyAborted.com billboard with the text "Black &

Beautiful" and a photograph of a black baby. The use of "National Association for the Abortion

of Colored People" clearly and unambiguously comments upon and criticizes the defendant and

its policies.

6

25.     The text of the article uses "NAACP" to refer to the defendant. It also uses

"Image Awards" to refer to the defendant's award program. Specifically, and by way of

example, it states:

      a.  "The NAACP's Annual Image Awards honor black imagery churned out by
          often racist, anti-Christian, perpetually sexist, violent and pornographic
          Hollywood."
      b.  "Django Unchained, with its graphic violence and 100 plus uses of the racially
          denigrating epithet, "nigger", gets praise and nominations from the NAACP."
      c.  "The NAACP's selective, and often feigned, outrage on a myriad of issues is
          befitting of a multiple personality disorder, with its stronger personality being
          one that embraces all things liberal, most things socialistic, and nothing pro-
          life."
      d.  As our TooManyAborted.com initiative has shown, today's NAACP is a
          tragic example of civil rights gone wrong.

26.     The article also was posted on the LifeNews.com web site.

(www.lifenews.com/2013/01/16/naacp-national-association-for-the-abortion-of-colored-people)

A copy of this post is attached here as Exhibit 5.

27.     The post at LifeNews.com included the same headline – both in text and graphic –

that appeared with the article at the Radiance web site. It also included a graphic depiction of the

seal of the NAACP.

28.     The same text that appears at the LifeNews.com web site and the Radiance web

site also was posted as a blog on blogs.christianpost.com/so-out-loud/naacp-national-association-

for-the-abortion-of-colored-people-14154). A copy of that post is attached here as Exhibit 6.

29.     On January 29, 2012, Ryan Bomberger received a letter addressed to him at his

Radiance address from attorney Ned T. Himmelrich representing the NAACP. The letter, a copy

of which is attached hereto as Exhibit 7, asserts that the NAACP owns the federal registered

"NAACP" and "National Association for the Advancement of Colored People" marks and has

common law trademark rights in its "'Scales of Justice' seal", as well as the words "Image

7

Awards". The letter claims that the use of these marks and the use of the phrase "National Association for the Abortion of Colored People" constitutes willful infringement, unfair competition and palming off, that it will cause consumer confusion and the misimpression that the "NAACP in some way sponsors, supports, endorses and/or is affiliated with you, in violation of the Lanham Act (15 U.S.C §§ 1051, *et seq*.)." Further, it claims that the uses will tarnish the marks.

30.     Finally, the letter threatens that should Ryan Bomberger and Radiance fail to cease use of the marks, "the NAACP will take the appropriate steps to stop your infringing activities and obtain appropriate damages."

Cause of Action

31.     Although Ryan Bomberger and Radiance have used "NAACP" "National Association for the Abortion of Colored People", "Image Awards" and the NAACP's "'Scales of Justice' seal" these uses do not infringe any of the NAACP's marks either in violation of sections 32 or 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, or in violation of any common law rights of the NAACP and does not constitute unfair competition or palming off because:

   a.  Neither plaintiff used the terms or the seal in connection with the sale, offering for sale, distribution or advertising of any goods or services or in any manner as a mark;

   b.  The use of the terms and the seal did not and will not create a likelihood of confusion;

   c.  The use made of the terms and the seal were fair uses and constituted identifying, parodying, criticizing and/or commenting upon the defendant and its services;

      d.   The use made of the terms and the seal were news reporting and news commentary;

      e.   The use made of the terms and the seal did not and would not deceive as to the affiliation, connection or association of the defendant with either of the plaintiffs;

      f.   The use of the terms and the seal were noncommercial uses, and;

      g.   The use made of the terms and the seal are protected by the First Amendment to the Constitution.

32.    On information and belief, at the time that the Himmelrich letter was presented to the plaintiffs, the NAACP knew that its claims of infringement were without merit and the letter was issued solely in order to chill the plaintiffs from exercising their First Amendment rights and specifically, to chill them from criticizing the NAACP's failure to oppose abortion, notwithstanding its disproportionate impact in black communities.

**WHEREFORE,** Plaintiffs pray that the Court enter Judgment in their favor and:

A.    Declare that neither Radiance nor Ryan Bomberger has infringed any of the NAACP's marks, whether the claim for infringement is under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, or the common law;

B.    Declare that neither Radiance nor Ryan Bomberger has tarnished or diluted any famous mark owned by the NAACP;

C.    Declare that the use made by the plaintiffs did not constitute unfair competition or palming off;

D.    Declare that the use of the marks by the plaintiffs was protected by the First Amendment, and;

E.      Award such other relief as may be just and proper.

Respectfully Submitted

**THE RADIANCE FOUNDATION, INC.**
**RYAN BOMBERGER**

BY:    Charles M. Allen, VSB #30183
         GOODMAN, ALLEN & FILETTI, PLLC
         4501 Highwoods Parkway
         Suite 210
         Glen Allen, Virginia 23060
         Phone: (804) 346-0600
         Fax:   (804) 346-5954
         callen@goodmanallen.com

10