IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THE RADIANCE FOUNDATION, INC. et al.,

Plaintiffs,

v.

CIVIL ACTION NO. 2:13cv53

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

Defendant.

### *PERMANENT INJUNCTION*

The Court issued a Memorandum Opinion and Order dated April 24, 2014, finding Plaintiffs The Radiance Foundation, Inc. and Ryan Bomberger ("Plaintiffs") liable for trademark infringement and trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and the Virginia Code § 59.1-92.12(i). The Court also found that Defendant National Association for the Advancement of Colored People ("Defendant") is entitled to a permanent injunction against Plaintiffs and their use of the "National Association for the Abortion of Colored People" phrase in a manner likely to cause confusion or dilution regarding Defendant and its marks.

Plaintiffs, along with their directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED AND RESTRAINED** from:

1. Engaging in any course of conduct with respect to the NAACP Marks referenced in the Memorandum Opinion and Order and any trademark, service mark, name, logo, design or source designation of any kind owned or controlled by Defendant, or any reproduction, counterfeit, copy or colorable imitation of the Defendant's

trademarks (collectively referred to as "Defendant's trademarks"), which is likely to mislead the public into believing that any products or services marketed and/or offered for sale by Plaintiffs are licensed, sponsored, authorized, or otherwise approved by Defendant;

2. Using "National Association for the Abortion of Colored People" in a manner likely to dilute or tarnish Defendant's trademarks or harm the reputation of Defendant and its services;

3. Using "National Association for the Abortion of Colored People" in a manner likely to cause confusion, mistake, deception or public misunderstanding that "National Association for the Abortion of Colored People" is affiliated with or otherwise connected to Defendant; and

4. Engaging in any other activity constituting infringement of, dilution of or unfair competition with any of Defendant's trademarks through use of the term "National Association for the Abortion of Colored People."

Accordingly, Plaintiffs are hereby **ORDERED** to deliver up for destruction all goods, advertisements, labels, signs, prints, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in its possession or under its control bearing the NAACP Marks or any other mark containing the terms "NAACP" or "The National Association for the Abortion of Colored People," or any reproduction, counterfeit, copy or colorable imitation of the NAACP Marks, and all plates, molds, matrices, and other means of making or duplicating the same within **FIFTEEN (15) DAYS** of the date of entry of this Order. Plaintiffs are **FURTHER ORDERED** within **THIRTY (30) DAYS** of the date of entry of this Order to discontinue the use of the "National Association for the Abortion of Colored People"

mark and any marks confusingly similar thereto in connection with Defendant's trademarks.

The United States District Court for the Eastern District of Virginia shall maintain jurisdiction for the enforcement of the terms of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 24, 2014

/s/
Raymond A. Jackson
United States District Judge